IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEMAL AHMED, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION |
| : | |
| ELIAS KIFLE and ETHIOPIAN : | NO. 1:12-CV-2697-WBH-ECS |
| REVIEW, INC., : | |
| : | |
| Defendants. : | |

**ORDER, FINAL REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on several discovery motions filed by the parties. Pursuant to the Court's Order of June 17, 2014, [Doc. 43], Plaintiff Jemal Ahmed ("Plaintiff") has filed a motion for attorneys' fees and expenses, [Doc. 47], and a motion for default judgment against Defendant Kifle for failure to comply with the Court's order compelling discovery, [Doc. 51]. Defendant Elias Kifle ("Defendant"), proceeding pro se, opposes the motion for default judgment against him and moves for reconsideration of the Court's prior denial of his motion for a hearing, [Doc. 50].

For the following reasons, Plaintiff's motion for attorneys' fees and expenses, [Doc. 47] is **GRANTED**. Defendant's motion for extension of the time to respond to the motion for default judgment, [Doc. 57], is **GRANTED nunc pro tunc**, and Defendant's motion for reconsideration, [Doc. 50], is **DENIED**. Finally, **IT IS RECOMMENDED**

that Plaintiff's motion for default judgment, [Doc. 51], be **GRANTED** and default judgment be entered against Defendant Kifle.

## I.
## Plaintiff's Motion to Approve Award of Attorneys' Fees and Expenses

On June 18, 2014, the Court granted Plaintiff's motion to compel discovery responses from Defendant Kifle and, pursuant to Rule 37(a)(5)(A), awarded Plaintiff his reasonable attorneys' fees and expenses incurred in making the motion to compel.[1] [Doc. 43]. The undersigned directed Plaintiff to provide the Court with evidence of the fees and expenses incurred in making the motion within ten days of entry of that order. [Id.]. The Court also permitted Defendant Kifle ten days thereafter within which to be heard in response. [Id.].

On June 27, 2014, pursuant to this Court's order, Plaintiff Ahmed submitted documentation of his attorneys' fees; a declaration from one of his attorneys testifying as to the reasonableness of the fees being requested; and a document reflecting the amounts billed in connection with making the motion to compel. See [Docs. 47, 47-1, 47-2]. In his application, Plaintiff seeks a total of $5,264.00 in

---

[1] Under Rule 37, if the motion to compel is granted, the Court must, after giving an opportunity to be heard, order the party whose conduct necessitated the motion to pay the moving party the reasonable expenses it incurred in bringing the motion to compel, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A).

AO 72A
(Rev.8/82)

attorneys' fees and expenses. [Doc. 47 at 3]. The application includes a request for attorneys' fees for 6.4 hours of work performed by attorney Anthony D. Lehman, at a rate of $660.00 per hour, and 1.0 hour by Mr. Grantham, at a rate of $855.00 per hour, totaling $5,079.00. [Id. at 5]; see also [Doc. 47-2]. The application also includes a request for $185.00 in expenses. [Doc. 47 at 5]. Defendant Kifle has not filed a response to the motion to approve Plaintiff's award of fees and expenses. Therefore, the motion and documentation of attorneys' fees and expenses are deemed unopposed. See LR 7.1B, NDGa.

As for the reasonableness of the hourly rates charged and the time spent and expense incurred in making the motion to compel, Defendant Kifle has not contested either the rates or the time as being excessive or unreasonable. Moreover, "[t]he court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted).

In this case, after reviewing the evidence Plaintiff submitted in support of his award, I find the amount of time expended to be not unreasonable, although I question the need for one hour of time by a senior partner of a junior counsel with sixteen years of

experience in preparing a straightforward and reasonably uncomplicated motion to compel. As for the hourly rates, I have no doubt that these are the standard rates for a large national law firm applicable to its best-paying clients, but I conclude that a blended rate of $400 per hour is more reasonably in line with attorney rates in general in Atlanta, taking into account the relatively low level of complexity of this motion. Accordingly, I **GRANT** Plaintiff's motion and **AWARD** fees and expenses in the amount of $2,960.00 for attorney's fees and $185.00 for expenses for a total of **$3,145.00**, pursuant to Rule 37 of the Federal Rules of Civil Procedure.

## II.
## Defendant's Motion for Reconsideration

Eleven days after Plaintiff filed his motion for approval of his award of attorneys' fees and expenses, [Doc. 47], Defendant Kifle filed a motion for reconsideration of the undersigned's Order of June 18, 2014, denying Defendant's motion for a hearing. See [Doc. 50]. Plaintiff opposed the motion, [Doc. 52], but Defendant did not file a reply.

In his motion for reconsideration, Defendant Kifle advances the same arguments he presented when he originally moved for a hearing. See [Doc. 40]. Defendant identifies no newly discovered evidence, no intervening changes in law, and no clear errors of law or fact

4

made by the Court. While Defendant Kifle elaborates on his concerns for his safety and the safety of others that he believes may be threatened by his disclosure of certain information, he has already presented these arguments to the Court in his original motion for a hearing. See [id.]. As the undersigned stated in the Order of June 18, 2014, the proper procedure for raising these concerns was in the form of a timely response or objection to Plaintiff's discovery requests. [Doc. 43 at 4-5]. Furthermore, the Court expressly addressed the confidentiality concerns raised by Defendant in his motion for a hearing by providing a protective order for all materials produced in response to the Order. [Id. at 7]. Accordingly, because Defendant Kifle has not shown the requisite "absolute necessity" required to justify filing a motion for reconsideration, the same, [Doc. 50], is hereby **DENIED**. See LR 7.2E, NDGa; The Coca-Cola Co. v. Pepsi-Cola Co., 500 F. Supp. 2d 1364, 1367 (N.D. Ga. 2007) (quoting Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003)); Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

## III.
## Default Judgment

**A.   Background**

   **1.   Conduct Leading to the Court's Order Compelling Discovery Responses from Defendant Kifle**

This case arises out of Plaintiff's claim that, in March 2012, Defendant Kifle published false and defamatory statements about him on Defendant Ethiopian Review's website, in violation of Georgia defamation law, O.C.G.A. § 51-5-1 et seq. [Doc. 1 at 11-13]. Plaintiff filed his complaint in August of 2012. See generally [Doc. 1]. Defendants Kifle and Ethiopian Review, Inc., were both served on August 12, 2012. Both defendants failed to file a timely answer after being served, and Plaintiff obtained an entry of default. See [Docs. 8, 9, 10].[2]

On October 3, 2012, Defendant Kifle moved to set aside default, [Doc. 11], and District Judge Carnes granted the motion on July 10, 2013, [Doc. 15]. In the order granting the motion to set aside default, Judge Carnes directed Defendant Kifle to file an answer to the complaint by August 9, 2013. [Doc. 15 at 1]. On August 5, 2013, however, Defendant Kifle filed a "Notice of Unavailability Because

---

   [2] Defendant Ethiopian Review, Inc., has not made an appearance in this action. Plaintiff moved for default judgment as to Ethiopian Review, Inc., [Doc. 14], and Judge Carnes denied the motion without prejudice, with leave to refile the motion for default judgment after resolution of the case against Defendant Kifle, [Doc. 15].

6

of Travel," in which he informed the Court that he would be traveling until December 20, 2013, and requested an extension of the time to answer the complaint and comply with other pretrial deadlines until January 20, 2014. [Doc. 17]. Judge Carnes denied Defendant Kifle's request for an extension of pretrial deadlines and directed him to file an answer by September 27, 2013. [Doc. 21 at 2].

On October 16, 2013, Defendant having failed to file any responsive pleading by the September 27 deadline, Plaintiff moved for and obtained a second entry of default against Kifle, [Doc. 23], and then moved for default judgment. [Doc. 24]. Finally, in November, 2013, Defendant Kifle filed two motions to dismiss, [Docs. 26, 31], an answer to the complaint, [Docs. 25, 29], and an opposition to default judgment, [Doc. 30]. The discovery period was then set to expire on April 3, 2014. In January 2014, Judge Carnes denied Plaintiff's second motion for default judgment as to Defendant Kifle and denied Defendant Kifle's motions to dismiss. [Doc. 34].

On February 5, 2014, Plaintiff served Defendant Kifle with his "First Set of Requests for Production of Documents and Tangible Things" ("RFPs") and his "First Set of Interrogatories." [Docs. 35; 39-2 ¶ 2]. Defendant Kifle's responses to Plaintiff's discovery requests were due on March 10, 2014. See Fed. R. Civ. P. 6(d),

33(b)(2), 34(b)(2). Plaintiff also served Defendant Kifle with a notice of deposition, setting the deposition of Kifle for April 4, 2014. [Docs. 37, 38].

Having received no response to his discovery requests, on March 10, 2014, counsel for Plaintiff emailed Defendant Kifle to confer with him and inquire into Kifle's intent to produce any responsive materials. [Doc. 39-5]. In the email, Plaintiff's counsel informed Defendant Kifle that, if he did not respond by March 14, Plaintiff would seek sanctions and move to compel his response. [Id.]. Defendant Kifle did not respond to Plaintiff's March 10 email or to his February 5 discovery requests. On March 17, 2014, Plaintiff filed a motion to compel Defendant Kifle to respond to Plaintiff's discovery requests, [Doc. 39], which the undersigned granted, [Doc. 43].

In the Court's order of June 17, 2014, granting Plaintiff's motion to compel, the undersigned found that Defendant Kifle had completely failed to make timely responses to Plaintiff's interrogatories or produce any documents or items responsive to his RFPs. [Doc. 43 at 5]. The undersigned also found that Defendant Kifle failed to make timely objections to Plaintiff's discovery requests and had therefore waived any objections to the discovery requests. [Id.]. Accordingly, the undersigned granted Plaintiff's motion to compel a response to his discovery requests and ordered

that Defendant Kifle provide full and complete responses to Plaintiff's discovery requests by July 1, 2014. [Id. at 6]. The Court also extended the discovery period for sixty days, to expire on August 18, 2014. [Id. at 9].

The order on Plaintiff's motion to compel also contained a protective order to address Defendant Kifle's confidentiality concerns, which he had expressed in his motion for a hearing on Plaintiff's discovery requests, see [Doc. 40]. Additionally, the Court advised Plaintiff that his failure to comply with a Court order could result in a recommendation that sanctions be imposed, including entry of default judgment. [Doc. 43 at 6 n.1]. Finally, the undersigned awarded Plaintiff his reasonable attorneys' fees and expenses for making the motion to compel. [Id. at 9].

**2. Defendant's Conduct After the Court's June 17 Order**

Plaintiff now moves for default judgment against Defendant Kifle for a third time, for his alleged failure to comply with the Court's Order of June 17, 2014. See [Doc. 51]. The motion for default judgment is supported by the affidavit of Anthony D. Lehman, an attorney with the law firm of DLA Piper LLP who represents Plaintiff in this case. See [Doc. 51-2].

In the motion for default judgment, Plaintiff argues that the following facts support an entry of default judgment against Defendant Kifle:

9

On June 18, 2014, Plaintiff's counsel emailed Defendant Kifle a copy of the Court's June 17 order directing him to respond to Plaintiff's discovery requests. [Docs. 51-2 ¶ 3; 51-4]. The deadline for Defendant's responses to the discovery requests expired on July 1, 2014, without any response from Kifle. [Doc. 51-2 ¶ 5]. On July 2, one day after the deadline expired, Mr. Lehman emailed Kifle about any discovery response he may have served. [Id.]. Mr. Lehman also informed Kifle that Plaintiff would seek sanctions against him for failing to comply with the Court's order if Defendant did not respond to the discovery requests by July 7. [Id.]; see also [Doc. 51-4].

On July 3, Defendant Kifle emailed Mr. Lehman a copy of a document entitled "Motion to Reconsider the Magistrate Judge's Decision to Deny My Request for Hearing."[3] Then on July 6, 2014, Defendant Kifle emailed Mr. Lehman regarding Plaintiff's discovery requests and attached a document entitled "Answer to Plaintiff's First Set of Interrogatories." [Doc. 51-5]. Regarding Plaintiff's RFPs, Defendant wrote in his email: "[A]s I have stated in my answers to Plaintiff's first set of interrogatories, I do not keep any record of my communications with my sources for security

---

[3] Defendant Kifle filed this motion to reconsider with the Court on July 7, 2014. See [Doc. 50]. As discussed above, this motion has been denied. See supra Part II.

10

reasons. I repeatedly, as frequently as I can, instruct my associates and sources to delete every chat and email that we exchange." [Doc. 51-5 at 1]. Plaintiff did not provide a written response to any specific RFP, and he did not produce a single document or other item.[4] Regarding Plaintiff's first set of interrogatories, Defendant Kifle attached a document with responses that Plaintiff contends are unresponsive and raise objections despite the Court's ruling that the any objections had been waived. See [Doc. 51-5 at 2-11].

Plaintiff's counsel then sent Kifle a letter outlining the deficiencies in his responses, again warning Defendant Kifle that Plaintiff would move for sanctions unless he provided full and complete responses by July 10. [Docs. 51-2 ¶ 11; 51-6]. On July 9, Defendant provided Plaintiff with additional responses, which Plaintiff contends were also incomplete. See [Doc. 51-7]. In his email on July 7, Defendant informed Mr. Lehman that he would bring his computer to the deposition for Plaintiff's review in response to the RFP request for computer equipment. [Id. at 2]. Accordingly, on July 18, 2014, Plaintiff filed the instant motion for default

---

[4] A copy of Plaintiff's twenty-six RFPs can be found at [Doc. 39-3]. In addition to a request for documents related to Defendant Kifle's sources, Plaintiff's RFPs also requested documents such as corporate records, proof of his state of residence, and retraction requests — none of which Kifle's email responded to. See [Docs. 39-3; 51-2 ¶ 9; 51-5].

11

judgment for failure to comply with the Court's order compelling discovery. [Doc. 51].

### 3. The Parties' Contentions

Plaintiff contends that Defendant Kifle's responses to both the interrogatories and RFPs were deficient. Plaintiff contends that Defendant Kifle should be sanctioned for willfully failing to obey the Court's discovery order of June 17, 2014, and for destroying "highly relevant documents." [Doc. 51-1 at 11]. Plaintiff argues that Defendant's pattern of dilatory behavior, destruction of relevant documents, and disrespectful behavior, in addition to his failure to comply with the June 17 order, justify a default judgment. [Id. at 13-15].

Defendant responds that he complied with the Court's June 17 order to respond to Plaintiff's discovery requests. [Doc. 66].[5] Regarding Plaintiff's allegations that Kifle's discovery responses were inadequate, Defendant states that he has withheld the identities of his sources pending the outcome of his motion for reconsideration on his request for a hearing. [Id. at 3]. He also states that he is willing to appear for his deposition and bring his

---

[5] Defendant moved for an extension of time to file his response to the motion for default judgment. [Doc. 57]. Plaintiff did not file a response to the motion for extension of time, and the motion is therefore deemed unopposed. LR 7.1B, NDGa. Accordingly, the motion, [Doc. 57], is **GRANTED, nunc pro tunc**.

12

computer with him to the deposition for Plaintiff's review. [Id.]. Finally, he submits that he has not been destroying documents. [Id. at 4]. Defendant has not addressed Plaintiff's allegation that he has otherwise failed to produce any documents responsive to the RFPs.

**B.   Standard for Imposing Sanctions Under Rule 37**

Rule 37 authorizes a district court to impose such sanctions "as are just" against a party that violates an order compelling discovery. Fed. R. Civ. P. 37(b)(2). Rule 37(b) permits the court to enter an order: (1) designating the matters at issue as established in favor of the prevailing party; (2) prohibiting a disobedient party from asserting a claim or defense or from introducing evidence on a particular matter; (3) striking pleadings; (4) staying proceedings; (5) dismissing the action; (6) rendering a default judgment against the disobedient party; or (7) making a finding of contempt of court. See Fed. R. Civ. P. 37(b)(2)(A).

"[A] default judgment sanction requires a willful or bad faith failure to obey a discovery order." Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993) (citing Societe Internationale pour Participations Industrielles et Commerciales v. Rogers, 357 U.S. 197, 212 (1958)); see also United States v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997); Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1556

(11th Cir. 1986); <u>Adolph Coors Co. v. Movement Against Racism & the Klan</u>, 777 F.2d 1538, 1542 (11th Cir. 1985). Violations of a court order "caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment." <u>See Malautea</u>, 987 F.2d at 1542. Moreover, a default judgment is appropriate only as a "last resort, when less drastic sanctions would not ensure compliance with the court's orders." <u>Id.</u>

Even though "Rule 37, on its face, does not require that a court formally issue an order compelling discovery before sanctions are authorized," the Eleventh Circuit has held that "sanctions as draconian as [entry of a default judgment] for discovery violations under Rule 37 must be preceded by an order of the court compelling discovery, the violation of which might authorize such sanctions." <u>Certain Real Prop. Located at Route 1</u>, 126 F.3d at 1317-18.

**C. Discussion**

    **1.  Defendant's Conduct Demonstrates Willful Noncompliance with the Court's Order**

In this case, sanctions are warranted under Rule 37 because Defendant Kifle has failed to obey the Court's order of June 17, 2014. In the June 17 order granting Plaintiff's motion to compel, Defendant was ordered to provide full and complete responses to the Plaintiff's First Set of Interrogatories and First Set of RFPs within fourteen days. [Doc. 43]. Kifle does not deny that he did not

14

provide any response to the discovery requests within the fourteen day deadline. See [Doc. 51-2 ¶ 5]; [Doc. 66]. Only after Plaintiff's counsel contacted Kifle and warned him that Plaintiff would move for sanctions did Defendant Kifle respond in any way to the June 17 order. And, upon review, those "responses" appear to be substantially incomplete. In response to Plaintiff's RFPs, Defendant Kifle did not produce any documents, or other tangible things. His one-sentence email response to Mr. Lehman only addressed one of Plaintiff's twenty-six RFPs. See [Docs. 39-3; 51-5]. And, despite the Court's finding that he has waived any objections to Plaintiff's discovery requests, Defendant Kifle responded to most of Plaintiff's First Set of Interrogatories by raising ambiguous confidentiality objections, see [Doc. 51-5 ¶¶ 1, 2, 5, 8, 14, 15]. The remainder of Kifle's responses to Plaintiff's First Set of Interrogatories are vague and argumentative. Defendant has failed to respond completely to Plaintiff's discovery requests, and he has therefore failed to comply with a court order, which warrants sanctions.

Furthermore, even with the benefit of the additional days provided by Plaintiff for responding to the discovery requests and a six-page letter from Plaintiff outlining the deficiencies in his first "response," Defendant failed to provide complete responses. Kifle also admitted to having a computer that was responsive to Plaintiff's RFPs but declined to produce it for inspection until the

15

date of his deposition. [Doc. 51-7 at 2]. Defendant has put forth no evidence to show that his failure to comply was due to any negligence or misunderstanding. Based on his conduct in "responding" to the discovery requests and to Plaintiff's motion for default judgment, it is clear to the Court that Defendant's conduct amounts to willful noncompliance with the Court's June 17 order.

**2.  No Lesser Sanction Will Suffice**

Defendant's failure to comply with the Order of June 17, 2014, is not the first instance of noncompliance by Defendant with the rules and the Court's orders in this matter. Defendant has exhibited a pattern of noncompliance with the rules of procedure and this Court's orders that leads the undersigned to believe that there is no sanction that will ensure Defendant's future cooperation in this case.

As summarized above, see supra Part III.A, Defendant Kifle's pattern of delay, failures to respond, and disregard for this Court's orders is pervasive and consistent, relating back to the inception of this action. Defendant failed to file a timely answer to the complaint pursuant to the federal rules and ignored two orders from this Court directing him to file an answer, joint preliminary report and discovery plan, initial disclosures, and certificate of interested persons by a date certain. See [Docs. 15, 21]. In fact, to date, Defendant has not filed initial disclosures

or a certificate of interested persons on the docket. And Defendant Kifle did not file any response to the complaint until nearly two months after the second extended deadline for doing so, when Plaintiff moved for default judgment against him for a second time. See [Docs. 21, 24, 25, 26].

Defendant Kifle did not respond to Plaintiff's initial discovery requests within the time period provided by Federal Rules 33 and 34, causing the Court to enter an order compelling Defendant to respond to discovery requests. [Doc. 43]. Defendant's continued refusal to provide Plaintiff with adequate responses to the discovery requests has thus already resulted in an Order granting Plaintiff's motion to compel, the imposition of monetary sanctions, and a warning from the Court that failure to abide by the terms of the June 17 Order might result in the imposition of additional sanctions, including entry of default judgment. See generally [id.]. His conduct has unduly delayed the case for almost an entire year without any meaningful discovery being provided by Defendant. And Defendant Kifle filed a document on September 29, 2014, indicating that he would be traveling abroad for over two months, until December 2, 2014, and requesting "that no hearing, appointments or other legal proceedings be scheduled during this period." [Doc. 67].

In light of Defendant's failure to comply with the Court's order of June 17, 2014, despite the imposition of lesser sanctions

17

and threats of additional sanctions, in addition to his continued disregard of the Local Rules and Federal Rules of Civil Procedure, the undersigned finds that any lesser sanction short of default judgment would be inadequate. See, Malautea, 987 F.2d at 1543 (no lesser sanction than default judgment appropriate where defendants willfully resisted discovery and deliberately disobeyed judge's order to produce discoverable information); Maus v. Ennis, No. 6:10-CV-1904-Orl-31DAB, 2011 WL 6319176, at *7 (M.D. Fla. Dec. 1, 2011) (no lesser sanction appropriate where defendant failed to comply with court order and refused to obey rules of procedure despite imposition of lesser sanctions and warning of additional sanctions).

The Court recognizes that Defendant is proceeding pro se, but a party's pro se status does not excuse noncompliance with the procedural rules or the Court's orders. See Kelly v. Old Dominion Freight Line, Inc., 376 F. App'x 909, 913-14 (11th Cir. 2010) ("'[P]rocedural rules in ordinary civil litigation' should not be interpreted 'so as to excuse mistakes by those who proceed without counsel.'" (quoting McNeil v. United States, 508 U.S. 106, 113 (1993))); Welch v. Comcar Indus., 139 F. App'x 138, 139 (11th Cir. 2005) ("Even pro se litigants are under an obligation to obey discovery orders." (quoting Morton v. Harris, 628 F.2d 438, 440 (5th Cir. Unit B 1980))). Defendant has been given multiple opportunities to comply with the Court's order, as well as the procedural rules

18

of this Court, and has repeatedly failed to do so.

**D. Conclusion**

In sum, the Court finds that Defendant Kifle has acted willfully in violating the Court's order of June 17, and no lesser sanction will suffice to address the misconduct. Accordingly, for the reasons expressed herein, **IT IS RECOMMENDED** that the motion for default judgment, [Doc. 51], be **GRANTED**, and that a **DEFAULT JUDGMENT** be entered against Defendant Kifle.

## IV.
## Conclusion

For the foregoing reasons, Plaintiff's motion for attorney's fees, [Doc. 47], is **GRANTED**. The undersigned **HEREBY AWARDS $3,145.00** in favor of Plaintiff and against Defendant Kifle, pursuant to Rule 37 of the Federal Rules of Civil Procedure. Additionally, Defendant Kifle's motion for extension of time to respond to the motion for default judgment, [Doc. 57], is **GRANTED nunc pro tunc**, but the motion for reconsideration, [Doc. 50], is **DENIED**. Furthermore, **IT IS RECOMMENDED** that Plaintiff's motion for default judgment for failure to comply with the Court's order of June 17, 2014, [Doc. 51], be **GRANTED** and that default judgment be entered against Defendant Kifle. Accordingly, the District Judge should hold a hearing on damages.

Additionally, it appears that several pending motions in this

19

case have been submitted erroneously to the undersigned magistrate judge. The Clerk is therefore **DIRECTED** to **TERMINATE** the submission of the following motions, which have not been referred to the undersigned: [Doc. 55], [Doc. 56], [Doc. 58], [Doc. 59], and [Doc. 63].

There being no further outstanding matters referred to the undersigned, the Clerk is also **DIRECTED** to **TERMINATE** the referral of this case to the undersigned magistrate judge.

**SO ORDERED**, **REPORTED** and **RECOMMENDED** this 4th day of November, 2014.

  s/ *E. Clayton Scofield III*  
E. CLAYTON SCOFIELD III  
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)