**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JEMAL AHMED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. |
| ) | |
| ELIAS KIFLE AND ETHIOPIAN ) | 1:12-CV-02697-SCJ |
| REVIEW, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF JEMAL AHMED'S TRIAL BRIEF**

Plaintiff, Jemal Ahmed ("Ahmed"), through counsel, submits this Trial Brief in connection with the January 29, 2015 hearing on damages to Mr. Ahmed's reputation stemming from Defendants Elias Kifle's ("Kifle") and Ethiopian Review's ("ER") publication of false and defamatory articles about him.

## I. LIABILITY HAS BEEN ESTABLISHED BY THE COURT'S ENTRY OF DEFAULT JUDGEMENT.

### A. The Allegations in the Complaint Are Admitted.

On December 19, 2014, this Court entered default judgment on liability against Defendant Kifle.[1]  Thus, Defendant Kifle's liability for defamation per se has been established.  By virtue of the default judgment, the well-plead allegations

---

[1] Plaintiff's Renewed Motion for Default Judgment against the Ethiopian Review is pending.

in the Complaint are accepted as true.  *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *Earthlink v. LogOn America, Inc.,* 2006 WL 1835426 at *2 (N.D. Ga. June 30, 2006).

The admitted allegations establish that on March 29, 2012, Defendants Kifle and Ethiopian Review published an article (the "Article) stating that Plaintiff Ahmed is in charge of a human trafficking operation that sends Ethiopian women and teenagers to Saudi Arabia, where they are held in "slave-like conditions" and subjected to abuse.  Complaint ¶¶ 19-20.

The ER Article is false.  Complaint ¶¶ 25-27.  Defendants Kifle and Ethiopian Review did not contact Plaintiff Ahmed prior to publishing the Article to determine if its allegations were true or to allow him to comment on them. Complaint ¶¶28- 29.  Defendants Kifle and ER did not have any sources with verified, first-hand or direct knowledge of the allegations in the Article prior to publishing it, nor did they have multiple sources for those allegations.  Complaint ¶¶ 21-23.

On April 4, 2012, Plaintiff Ahmed, through counsel, sent Defendants Kifle and ER a letter, advising that the allegations in the Article were entirely false, defamatory, and damaging.  Plaintiff Ahmed demanded that Defendants immediately remove the Article and issue a full apology within seven (7) days.

2

Complaint ¶ 31.  Defendants Kifle and the ER did not seriously consider Plaintiff Ahmed's April 4 letter requesting a retraction.  Complaint ¶ 32.  Defendants did not conduct any investigation regarding the allegations in the Article after receiving Plaintiff Ahmed's April 4 letter.  Complaint ¶ 33.  Nor did they respond directly to Plaintiff Ahmed's April 4 letter.  Complaint ¶ 34.  On the same day they received the April 4 letter, Defendants Kifle and ER re-printed portions of it on the Ethiopian Review website, included a link by which the full letter could be viewed.  Complaint ¶¶ 31-35.

The defamatory Article remains on the Ethiopian Review's website.  Complaint ¶ 37.  It has incited others to make further defamatory and threatening statements in  comments posted on the website.  Some of these comments threaten violence against Plaintiff Ahmed.  Complaint ¶ 38.

### B. Plaintiff's Requests for Admission Are Admitted.

Plaintiff served his First Set of Requests for Admission ("RFA") on Defendant Kifle on February 2, 2014.  Because Defendant did not respond to the Requests,  they are deemed admitted.  F. R. Civ. P. 36(a)(3).  Thus, the following facts are admitted:

> Elias Kifle held the title of publisher and/or performed the functions of publisher of the Ethiopian Review from March 16, 2012 to present.  RFA ¶ 1.

Elias Kifle held the title of editor and/or performed the functions of editor of the Ethiopian Review from March 16, 2012 to present. RFA ¶ 2.

Ethiopian Review is an online news and opinion journal that has been in existence for more than two decades. RFA ¶3.

Ethiopian Review has been available to the general public at www.ethiopianreview.com and www.ethiopianreview.net continuously from March 16, 2012 to present. RFA ¶4.

Ethiopian Review has never been registered to do business in any State. RFA ¶ 5.

Ethiopian Review has never obtained a certificate of registration or authority from Virginia's State Corporation Commission. RFA ¶6.

Ethiopian Review has never obtained a certificate of registration or authority from Georgia's Secretary of State. RFA ¶ 7.

Ethiopian Review has never been granted federal tax-exempt status. RFA ¶ 8.

Ethiopian Review has never been registered as a charitable organization in any State. RFA ¶ 9.

Before publishing the March 29 Article, Defendant Kifle did not contact Plaintiff Ahmed concerning the Article's allegations about him. RFA ¶ 20.

Before publishing the March 29 Article, Defendant Kifle did not contact any of Plaintiff Ahmed's businesses concerning the Article's allegations about Plaintiff Ahmed. RFA ¶ 21.

After publication of the March 29 Article, Defendant Kifle never contacted Plaintiff Ahmed concerning the Article's allegations about him. RFA ¶ 22.

After publication of the March 29 Article, Defendant Kifle never contacted any of Plaintiff Ahmed's businesses concerning the Article's allegations about Plaintiff Ahmed. RFA ¶ 23.

>Defendant Kifle did no new investigation of the March 29 Article's allegations about Plaintiff Ahmed after receiving the April 4, 2012 request to retract.  RFA ¶ 24.

## II. PLAINTIFF AHMED IS ENTITLED TO SUBSTANTIAL DAMAGES.

### A. Plaintiff Ahmed is Entitled to Compensatory Damages.

Because Defendants' defamatory statements assert that Plaintiff Ahmed is guilty of a crime, they constitute libel *per se*.  As a result, damages are presumed. *Riddle v. Golden Isles Broadcasting, LLC.*, 292 Ga. App. 888, 666 S.E.2d 75 (2009).  The measure of compensatory damages appropriate in an action for defamation is left to the "enlightened conscience[ ] of an impartial" fact finder. 292 Ga. App. at 891.  Recoverable damages are not limited to "pecuniary loss . . . . Wounding a man's feelings is as much actual damage as breaking his limbs."  *Id*. The court in *Riddell* went on to point out that, "the more customary types of actual harm inflicted by defamatory falsehood include impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering." *Id*.

Applying the above principles, the court in *Riddle* upheld a jury award of $100,000 in damages to the plaintiff rap musician against a radio station that broadcast that he had either killed his child's mother, or that the police were looking for him, or that he had been charged with murder.  After the jury returned

its verdict, the trial judge found the damages amount excessive and ordered a new trial on damages. At the second trial, the jury awarded the plaintiff $25,000. Riddle appealed. At the first trial, Riddle produced six witnesses who testified to having heard the broadcast. Two of those witnesses testified that, while they personally did not believe the broadcast, Riddle's "reputation in the community suffered as a consequence." The defendant radio station introduced evidence attempting to show that the plaintiff earned very little compensation as a musician and had no documentation to back up his lost income claims. On appeal, the Georgia Court of Appeals found that the original jury award was not excessive, was supported by the preponderance of the evidence, and that the trial court erred in granting a new trial on damages.

More recently, in *Pampattiwar v. Hinson,* 326 Ga. App. 163, 756 S.E.2d 246 (2014) a Georgia appeals court upheld a $405,000 verdict in favor of a divorce lawyer who sued a former client for fraud, libel per se, and false-light invasion of privacy over negative reviews he posted online accusing her of criminal conduct. Similarly, in *Giles v. Heyward,* 315 Ga. App. 409, 726 S.E.2d 434 (2012), the appellate court affirmed an award of $125,000 to a church deacon for slander per se based on evidence that the defendant stood up at a church meeting and accused the plaintiff of adultery and attempted theft. *See also Barnes v. O'Connell,* 300

Ga. App. 99, 685 S.E.2d 344 (2009) (affirming jury verdict of $175,000 to coin dealer accused of stealing valuable coins during an appraisal).

The evidence presented at the damages hearing will show that Plaintiff Ahmed's reputation has been severely damaged by the presence for almost three years on Defendant Ethiopian Review's website of articles falsely accusing him of being in charge of a human trafficking operation. Mr. Ahmed has been personally humiliated by the defamatory statements and even subjected to threats of violence by Ethiopian Review readers. Defendant Kifle not only left the article up after being informed that it was false and defamatory, he re-published it. The evidence will show that the defamatory content was also picked up by numerous other websites and video channels. To this day, nearly 90% of first page internet search engine results for "Jemal Ahmed" refer to or reflect the defamatory statements.

The evidence will further show that it will be impossible to fully restore Mr. Ahmed's reputation. However, it will cost between $125,210 and $145,210 to take necessary steps to attempt to re-build his reputation. Mr. Ahmed is entitled to compensatory damages considerably in excess of that amount.

B. Plaintiff Ahmed is Entitled to Punitive Damages.

Under Georgia law, punitive damages are appropriate where the plaintiff establishes by clear and convincing evidence that "defendant's conduct showed

willful misconduct, malice, fraud, wantonness, oppression, or an entire want of care which would raise the presumption of conscious indifference to consequences." O.G.C.A. § 51-12-5.1(b); *Functional Products Trading, S.A. v. JITC, LLC.,* 2014 WL 3749213 at *8 (N.D. Ga. July 29, 2014) (adopting magistrate's recommended award of punitive damages of $1,000,000 after entry of default judgment); *Earthlink, Inc. v. LogOn America, Inc.,* 2006 WL 1835426 at *4 (N.D. Ga. 2006) (awarding punitive damages of $100,000 following entry of default judgment). Although punitive damages are capped by statute, the cap does not apply in cases of specific intent to cause harm. O.G.C.A §§ 51-12-5.1(f) & (g); *Functional Products,* 2014 WL 3749213*, at *19; Speir v. Krieger,* 235 Ga. App. 392, 402, 509 S.E.2d 684, 692 (1998).

In this case, Plaintiff's Prayer for Relief specifically requested punitive damages. Complaint at 13. Moreover, there is clear and convincing evidence of Defendant Kifle's willful misconduct, malice, and conscious indifference to the consequences of his actions in publishing false and defamatory statements accusing Plaintiff Ahmed of a heinous crime. Because the record reflects Defendants' specific intent to harm Plaintiff Ahmed, the statutory limit on punitive damage awards is inapplicable. To deter Defendants and others from using the

internet to publish outrageous false and defamatory content, Plaintiff Ahmed should be awarded very significant punitive damages.

### C. Plaintiff Ahmed is Entitled to Attorneys' Fees.

A court may award attorneys' fees in a default judgment action. "Expenses of litigation generally are not allowed as part of damages, but where the plaintiff has specially pleaded and prayed for them, and the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, litigation expenses may be allowed." *Earthlink, Inc. v. LogOn America, Inc.,* 2006 WL 1835426 at *3 *quoting Fresh Floors, Inc. v. Forrest Cambridge Apartment,* L.L.C., 257 Ga. App. 270, 271 (2002).

Plaintiff Ahmed specifically prayed for an award of attorneys' fees. Complaint at 13. As set forth in Magistrate Scofield's Report and Recommendation, there is ample evidence that Defendant Kifle has acted in bad faith and caused Plaintiff Ahmed unnecessary trouble and expense in this litigation. Accordingly, Plaintiff should be awarded attorneys' fees.

### CONCLUSION

For the reasons set forth above, Plaintiff Ahmed should be awarded substantial compensatory and punitive damages, attorneys' fees and costs.

9

Respectfully submitted, this 28th day of January, 2015.

          **COHAN LAW GROUP, LLC**

3340 Peachtree Road, Suite 2570   By: /s/Anthony D. Lehman
Atlanta, Georgia 30326             Anthony D. Lehman
Telephone: (404) 891-1770         Georgia Bar No. 445798
Facsimile: (404) 891-5094

          **DLA PIPER LLP (US)**

1201 West Peachtree Street        By: /s/Mark E. Grantham
One Atlantic Center, Suite 2800
Atlanta, Georgia 30309-3450      Mark E. Grantham
Telephone: (404) 736-7800         Georgia Bar No. 305625
Facsimile: (404) 682-7800

*ATTORNEYS FOR PLAINTIFF JEMAL AHMED*

## LOCAL RULE 7.1D CERTIFICATE

The undersigned hereby certifies that the foregoing has been formatted in Times New Roman font, 14-point type, which complies with the font size and point requirements of Local Rule 5.1B.

By: /s/Anthony D. Lehman

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

I further certify that on this day, I served a copy of the foregoing document on defendants Elias Kifle and Ethiopian Review by U.S. Mail and e-mail as follows:

Elias Kifle
1500 Herrington Road, NW
Apt. 10207
Lawrenceville, GA 30044
eliaskifle@gmail.com

Ethiopian Review, Inc.
c/o Registered Agent
Spiegel & Ulrere, P.A.
1840 S.W. 22nd Street, 4th Floor
Miami, FL 33145
ethrev@gmail.com

This 28th day of January, 2015.

By: /s/Anthony D. Lehman