FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 02 2015

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
For the Northern District of Georgia
ATLANTA

---

| | |
|---|---|
| Jemal Ahmed,<br>　　　Plaintiff and<br><br>　　　v.<br>Elias Kifle,<br>　　　Defendant | Civil Action No.<br>1:12-cv-2697- SCJ |

## MOTION FOR A NEW TRIAL

　　I, Elias Kifle, *pro se* Defendant move the Court to hold a new trial because the trial, and the hearing that was held on January 29, 2015, were affected by extreme prejudice, abuse of discretion, and misconducts as explained below:

1. The Court showed bias against me and favoritism toward Plaintiff Ahmed by summarily denying all of my motions (except 1) without any hearing. In contrast, the Court granted practically all of Plaintiff Ahmed's motions.

2. The Court made a serious error of law in its denial of my request to present my witnesses from Ethiopia, while the Plaintiff himself flew from Ethiopia to testify on his behalf. My request for them to testify via phone was denied for no good reason, depriving me of the right to present witnesses.

3. The Court erred in its denial of my request to call DLA Piper lawyers to testify, even though their testimony is key to my defense because of my

interactions with them over the past 6 years, and their relations to Plaintiff Ahmed and his companies are more than legal representation.

4. The Court erred and abused its discretion in its denial of a pretrial hearing, a pretrial conference, and hearing on the merit of the case. This case is a life and death matter for many people, particularly my associates in Ethiopia. It is also a freedom of speech case involving many individuals, including my colleagues in Ethiopia who have been silenced, tortured and jailed by friends of Plaintiff Ahmed. Judge Jones gave such an important case only 2.5 hours of hearing.

5. The Court erred and abused its discretion in its denial of hearing on each and every one of my motions at the January 29 hearing for no good cause. My motion for a hearing on discovery (to address the extremely urgent and serious matter of protecting my witnesses and sources in Ethiopia) was rejected without explanation and without good cause.

6. The Court erred in entering a default judgement against me based only on a minor procedural issue with no regard for my fundamental right to free speech, my right to due process, and the notion of fair play.

7. The Court erred in its failure to give me a chance to discuss why the procedural issue (i.e., my objection to provide the names of my sources in Ethiopia to DLA Piper -- three of whom are now in jail) occurred and how to address it. Also, regarding production of documents, in my answer to Plaintiff Jemal's discovery, I explained that since 2007, I and other exiled journalists from Ethiopia have adopted measures to protect our sources in Ethiopia from Ethiopian government's cyber surveillance. One of the measures is automatic deletion of all internet chats and emails

from our multiple anonymous accounts. I requested a hearing to discuss this matter and present expert witnesses, but my motion was denied for no good reason and instead a default judgement was entered against me instead of giving me an answer to my motion for reconsideration to the denial of hearing. The accusation that I delayed the case is false. The case was delayed because it took the Court up to 6 months to respond to each motions and requests, and because of the dirty tricks that is being played by Plaintiff Ahmed's counsel. I went out of my way to accommodate Plaintiff Ahmed's legal team and private investigators, even as they harassed my family. I did not try to hide from them, and when I went away for medical treatment, I agreed to be served all papers by e-mail. In a show of good faith, when ever I was in Atlanta, I would arrange to meet them in person at mutually convenient places for them to hand me over documents. The private investigators can testify to this if I am granted a new, fair trial.

8. The Court erred in its denial of my motion to reconsider its default judgement order that was caused by special circumstances related to health issues. An impartial, humane Court would understand the difficulties I faced and grant my motion for reconsideration.

9. The Court erred in neglecting to follow through its own December 17 order that states: "The Court will also hear ORAL ARGUMENT on all remaining outstanding motions at that time [January 29], to include Defendant Elias Kifle's motions to disqualify Plaintiff's counsel, for clarification, to compel Plaintiff to appear for deposition, and for leave to file a third-party complaint." I went to the January 29 hearing prepared

to present my argument on those motions. But Judge Jones dropped a bombshell on me by opening the hearing with an announcement that he ~~will hear arguments only on damages, and nothing else, contrary to his~~ own December 17 order. His surprising decision threw my presentation out of whack. After that, I didn't know where to start, and just fumbled through my papers in a desperate attempt to reorganize my presentation. The surprise announcement left me in a state of confusion and prevented me from having a fair trial.

10. The Court erred in not granting my motion to compel Plaintiff Ahmed to make himself available for deposition. As a result, I was not prepared for his January 29 testimony where some of his allegations and statements, such as his explanation about his coffee export business, and how his business was affected by my report, were new to me despite due diligence on my part.

11. New evidence prove that Plaintiff Ahmed's statements in his January 29 testimony regarding his loss of income are false, and that he has purposely and intentionally gave false testimony. This discovery alone warrants a new trial.

12. The Court erred in quashing without due consideration and without good cause my motion for leave to file third party complaints that I filed 6 months before the January 29 hearing. Judge Jones didn't even read it beyond the title before he rejected it.

13. For my closing argument Judge Jones gave me 11 minutes, and within 10 seconds after I started to speak, both Plaintiff Ahmed's counsels and Judge Jones once again jumped on almost every sentence I tried to utter.

4

After about 30, seconds Judge Jones accused me of disrespecting the court. I still don't know what I said that he considered disrespectful. At this point, I told Judge Jones that I don't want to risk disrespecting the Court further so I better stop speaking. Then when I was preparing to return to my seat, he started to ask me some questions about why I think he should not award damages to Plaintiff Ahmed. But by this time I was so emotionally drained I could not utter any coherent sentence. He then, with a threatening tone, warned me that I must remove any reference to Plaintiff Ahmed from my blog by 4 PM the following day or else I will be held in contempt and thrown in jail. The threat of jail and the tone in which it was said was totally uncalled for.

14. Judge Jones erred and committed a miscarriage of justice in his imposition of severely strict rules on me, while going out of its way to accommodate Plaintiff Ahmed, going so far as to argue for him, at the January 29 hearing.

15. The Court's bias in favor of Plaintiff Ahmed has violated my due process right. (*Caperton v. A. T. Massey Coal Co.*, supra, 556 U.S. [129 S.Ct. at p. 2262]) To mention four examples of the Court's bias: 1) At one point during his testimony, Plaintiff Ahmed said that human trafficking is a crime that is severely punished in Ethiopia, but previously he wrote on my blog that there are 200 companies that operate legally and do exactly what I alleged about him in my report, i.e., exporting Ethiopian women to the Middle East. I was trying get Plaintiff Ahmed reconcile his two conflicting statements, but Judge Jones interrupted me and would not let me continue on that line of questioning.

Instead, he himself started to explain to me what Plaintiff Ahmed meant to say during the hearing versus what he wrote in his commentary. How did my attempt to highlight Plaintiff Ahmed's conflicting statements violate technical rules? 2) I tried to explain that Plaintiff Ahmed's own friends in the U.S. travel to Ethiopia and he helps them open human trafficking agencies. But once again, Judge Jones stopped me. As a result, I was prevented from proving that Plaintiff Ahmed's claim that his reputation suffered because of my report is wrong, and in fact my report helped him to further his standing with the Ethiopian government and its supporters, which helped him to receive more business opportunities, while those who assisted me with my investigation and report are being hunted down, kidnapped and jailed by his friends in the Ethiopian government. 3) When Plaintiff Ahmed's expert witness, Mr Craig Kronenberger, was testifying, Judge Jones repeatedly shook his head in a sign of affirmation and agreement. 4) Even though I was very respectful to everyone and did not show any sign of hostility toward any one, every time I stood up to speak after getting permission from the Judge, the police officer guarding the courtroom would also stand up and take a few steps towards me. This unjustified activity had distracted my attention, adversely affected my thought process, and when it happened repeatedly and only to me, I felt threatened and discriminated against. The police officer did not do the same thing when Plaintiff Ahmed and his lawyers stood up, and even when they approach the bench. Why did the police officer find it necessary (or who told him) to take steps toward me whenever I started to speak, and not do the same to the the opposing

6

side? (I would like the court video to be introduced as evidence). Any reasonable person would find Judge Jones' behavior at the January 29 hearing as a blatant bias against me and in favor of Plaintiff Ahmed, who had three highly paid lawyers in the courtroom to assist him, while I was there by myself as a *pro se*.

16. The Court erred and abused its discretion in its denial (without a hearing) of my motion to disqualify Plaintiff's counsel, DLA Piper, from representing Plaintiff Ahmed. My motion to disqualify the opposing counsel was based on a strong conflict of interest ground and it was submitted just a few weeks after the lawsuit was filed. Renewed motions were filed 2 times after that.

17. Plaintiff's expert witness, Craig Kronenberger, brought with him charts to the January 29 hearing without giving me a chance to study them before the hearing and have them looked at by independent experts. I did not object to the chart being presented, but I should be allowed to have it examined by my expert and present to court his/her opinion about it. My request to bring my own expert was denied without explanation, preventing me a fair trial.

18. The Court erred in not providing me with its order of admission -- if it has indeed granted it -- to Mary Elizabeth Gately of DLA Piper who came to Georgia from Virginia and represented Plaintiff Ahmed at the January 29 hearing. I was not given a chance to oppose (on conflict of interest ground) her admission and my attempt to talk about her presence on behalf of Plaintiff Ahmed at the January 29 hearing was interrupted by Judge Jones.

19. The Court erred in its denial of my request for another hearing to counter with additional evidences and witness testimonies Plaintiff Ahmed's new allegations and information at the January 29 hearing. The Court agreed when Plaintiff Ahmed's counsel said "let's get it over with today."

20. The Court erred and abused discretion in overruling each and every one of my objections and sustaining practically all of Plaintiff Ahmed's objections at the January 29 hearing.

21. On hearing about damages, when I tried to ask Plaintiff Ahmed to state how much income he believes he lost because of my report, again, I was interrupted. I believe he said he doesn't know, but I didn't hear him clearly, so when I asked him again, and insisted on specific figures, the Judge sustained Plaintiff's counsel's objection to the question.

22. The very warm and highly respectful manner with which Judge Jones treated DLA Piper lawyers, and the utter contempt he showed towards me has raised questions and suspicions in my mind. I would like to know if Judge Jones had held any conversation with DLA Piper about the case without my presence. What made him alter his December 17 order to the benefit of only Plaintiff Ahmed? What is his reason for his wholesale denial of all of my motions? Instead of trying to work out an agreement to relax some of the technical rules in the interests of hearing all sides of the argument, Judge Jones was as aggressive as Plaintiff Ahmed's counsels, making it impossible for me to complete a full sentence, let alone tell my story. The constant interruptions by both the Plaintiff's Counsels and Judge Jones left me confused. I was unable to defend myself under the conditions Judge Jones imposed on me.

23. Twenty years of experience as a human rights activist and journalist has toughened my character, but what I have experienced in Judge Jones' Court on January 29 left me shaken up and disillusioned. I felt like I was in an Ethiopian kangaroo court. The January 29 hearing was a travesty of justice. I have been punished, not because I have done anything wrong, but because, unlike Plaintiff Ahmed, I do not have money to hire the most expensive law firm in the US.

For the foregoing reasons, I request that my Motion for New Trial be granted.

Respectfully submitted, this 2nd day of February 2015.

Elias Kifle, Defendant pro se
[*new mailing address*]
℅ Brook Kifle
1400 Herrington Road #15206
Lawrenceville GA 30044
Email: eliaskifle@gmail.com

UNITED STATES DISTRICT COURT
For the Northern District of Georgia

| | |
|---|---|
| Jemal Ahmed, | Civil Action No. |
|     Plaintiff and | 1:12-cv-2697 |
|     Counterclaim Defendant | |
| v. | |
| Elias Kifle, | |
|     Defendant and | |
|     Counterclaimant | |

## NOTICE OF SERVICE

I, Defendant and Counterclaimant in the above named case, hereby certify that on 2 February 2015, a true and correct copy of this document was served upon Jemal's attorney by by hand.

Respectfully submitted, this 2nd day of February 2015.

*[signature]*

Elias Kifle, Defendant pro se

[*new mailing address*]
℅ Brook Kifle
1400 Herrington Road #15206
Lawrenceville GA 30044
Email: eliaskifle@gmail.com